UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE CHURCH,

    Petitioner,

v.                                    Case No. 8:25-cv-784-WFJ-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Tyrone Church, a Florida prisoner, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response opposing the petition. (Doc. 7). Although afforded the opportunity, Mr. Church did not file a reply. After careful review, the petition is **DENIED**.

**I.    Background**

This case arises from a shooting that took place outside a convenience store in St. Petersburg, Florida. Around 5:00 a.m. on April 16, 2022, Paul Watson parked his truck and walked toward the store. (Doc. 8-2, Ex. 8, at 208). Before Mr. Watson's arrival, Mr. Church had been "walking up and down in [ ] front of the store." (*Id.* at 248). Mr. Church said to Mr. Watson, "Pop, pop, pop, 21 shots to the eyes, it's a good day to die." (*Id.* at 208). Mr. Watson responded, "You're a motherf*cking ass, it's a good day for me to die? It might be a good day for someone else, but I'm not him." (*Id.*) Mr. Watson entered the store, bought a cup of coffee, and returned to his truck. (*Id.*) He was joined by his friend, Earnest Wright.

1

(*Id.* at 210). As the two were talking, Mr. Church approached the truck, "got down on one knee," and said, "Oh, gee, I respect you, man." (*Id.*) Mr. Church walked back toward the store, and an employee "asked him to leave."[1] (*Id.*)

Approximately two minutes later, Mr. Church fired several shots into Mr. Watson's truck. (*Id.* at 220-21, 230). Mr. Watson escaped unharmed, but Mr. Wright suffered a non-fatal gunshot wound to the back of his neck. (*Id.* at 221, 250-51, 253). Shortly after the shooting, Mr. Church placed a "tote bag" on a nearby porch. (*Id.* at 271, 283). The bag contained several items, including a machete, a Smith & Wesson revolver, and a "baggie" with 38 rounds of live ammunition. (*Id.* at 358). The revolver held "six spent cartridge cases." (*Id.* at 361). A firearms analyst compared the revolver to a projectile recovered from the scene of the shooting. (*Id.* at 501). He concluded that, although there were "similarities and agreement" between the two items, the similarities were "insufficient" to "meet [the] threshold for identification." (*Id.* at 505-06).

Mr. Church was charged with two counts of attempted second-degree murder and one count of felon in possession of a firearm. (*Id.*, Ex. 5). He went to trial on the attempted-murder charges. The jury found him guilty as charged, determining that he possessed and "personally discharge[d] a firearm" during the offenses. (*Id.*, Ex. 10). Mr. Church then stipulated that he had a prior felony conviction for organized fraud. (*Id.*, Ex. 8, at 681, 684-85). Based on the stipulation and the jury's finding that Mr. Church possessed a firearm, the court found him guilty of felon in possession of a firearm. (*Id.* at 687). He received a

---

[1] Mr. Church was a stranger to both Mr. Watson and Mr. Wright. (Doc. 8-2, Ex. 8, at 228-29, 253).

2

mandatory-minimum sentence of 20 years' imprisonment on each count of attempted murder, as well as a 15-year sentence for felon in possession of a firearm. (*Id.* at 691; *see also id.*, Ex. 11). The sentences were run concurrently. (*Id.*, Ex. 8, at 691). Following an unsuccessful direct appeal, Mr. Church sought federal habeas relief. (*Id.*, Ex. 16; Doc. 1).

**II.    Standards of Review**

    **A.    AEDPA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies

the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The appellate court in Mr. Church's case affirmed his convictions without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

    **B.**    **Exhaustion of State Remedies; Procedural Default**

A federal habeas petitioner must exhaust his claims in state court before presenting them in his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526

4

U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the petitioner fairly presents his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson*, 353 F.3d at 892.

### III.    Discussion

#### A.    Ground One—Sufficiency of the Evidence

Mr. Church argues that the prosecution failed to "present sufficient evidence" to support his convictions for attempted second-degree murder. (Doc. 1 at 5). He appears to

5

contend that the evidence was insufficient to establish his identity as the shooter. (*Id.*) Specifically, Mr. Church notes that the prosecution "provided no fingerprint evidence, no DNA evidence, no gunshot residue," and no surveillance footage "depict[ing] the shooter." (*Id.*)

The Court liberally construes this claim as asserting a federal constitutional challenge to the sufficiency of the evidence. As Respondent correctly contends, Mr. Church is not entitled to relief because his sufficiency challenge is unexhausted and procedurally defaulted. (Doc. 7 at 9-13).

Proper exhaustion requires petitioners to "present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004). Mr. Church raised a sufficiency challenge on direct appeal, but he did not argue—as he does in his § 2254 petition—that the evidence was insufficient to establish his identity as the shooter. (Doc. 8-2, Ex. 14, at 18-21). Instead, he claimed that the prosecution "failed to prove that [he] acted with ill will to sustain an attempted second-degree murder conviction." (*Id.* at 19). According to Mr. Church, the "evidence established only that the shooting was reckless," which was "insufficient to support an attempted second-degree murder conviction." (*Id.* at 17).

Thus, "while state appellate counsel attacked the sufficiency of the evidence regarding [Mr. Church's intent], there was no appeal on the separate and distinct issue of

whether there was sufficient evidence that" he was the shooter.[2] *Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001). "Insufficiency of the evidence is simply too broad and malleable an objection to hold . . . that a direct appeal in state court challenging the sufficiency of the evidence on one theory is enough to preserve for federal habeas review a challenge to the adequacy of proof on a factually and legally distinct theory never fairly presented to the state courts." *Id.* For this reason alone, Mr. Church's sufficiency challenge is unexhausted.

Even if Mr. Church had argued in his § 2254 petition that the prosecution failed to establish the necessary intent, he still would not be entitled to relief. That is because he never informed the state court that his sufficiency challenge raised any federal issue. To properly exhaust a claim, a petitioner must "make the state court aware that the claims asserted present federal constitutional issues." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). A petitioner must do more, however, than "scatter some makeshift needles in the haystack of the state court record." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005). Moreover, a petitioner "does not 'fairly present' a claim to a

---

[2] In support of his § 2254 petition, Mr. Church attached a letter he received from appellate counsel. (Doc. 1-1 at 30). In the letter, counsel informed Mr. Church that he "could not argue that the State failed to prove that you were the shooter because this issue was not raised by trial counsel" in the motion for judgment of acquittal. (*Id.*) Instead, appellate counsel "could only argue that the State failed to prove the required element of intent." (*Id.*)

state court if that court must read beyond a petition or a brief" to find the "federal claim." *Baldwin*, 541 U.S. at 32.

Mr. Church failed to present the federal dimension of his claim on direct appeal. As noted above, he argued that the prosecution "failed to prove that [he] acted with ill will." (Doc. 8-2, Ex. 14, at 19). But he did not cite the United States Constitution or any other source of federal law. Nor did he "label[ ] the claim 'federal.'" *Baldwin*, 541 U.S. at 32. Instead, Mr. Church relied entirely on Florida caselaw to support his argument that the evidence was insufficient to establish his "ill will." (Doc. 8-2, Ex. 14, at 18-21). Because Mr. Church "did not raise any federal claims or cite to any federal cases in state court when presenting his argument on the sufficiency of the evidence," he "failed to fairly present his federal sufficiency-of-the-evidence claim to the Florida state courts and thus did not exhaust his state court remedies as to that claim." *Cascante v. Florida*, 816 F. App'x 429, 431 (11th Cir. 2020); *see also Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 459 (11th Cir. 2015) (holding that federal sufficiency-of-the-evidence claim was not exhausted because petitioner "asserted in his [state appellate] brief that his conviction rested on insufficient evidence, without clarifying whether he intended to bring a federal or a state sufficiency of the evidence claim"); *Gallagher v. Sec'y, Fla. Dep't of Corr.*, No. 22-13954, 2024 WL 3289639, at *2 (11th Cir. July 3, 2024) ("[B]ecause [petitioner] never cited . . . any [ ] federal case when arguing in the state court that there was insufficient evidence for a conviction that would alert the state courts to the federal nature of his claim, he did not 'fairly present' the issue to the state courts.").

8

Mr. Church cannot return to state court to present his unexhausted sufficiency challenge in a second, untimely direct appeal. *See* Fla. R. App. P. 9.140(b)(3) (stating that a notice of appeal must be filed within thirty days of the rendition of a sentence). As a result, Ground One is procedurally defaulted. *See Smith*, 256 F.3d at 1138 ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). Because Mr. Church offers no basis to excuse the default, his sufficiency challenge is barred from federal habeas review.[3]

### B.   Ground Two—Allegedly Unlawful Sentence Enhancement

Mr. Church contends that his "20-year mandatory sentence" for attempted second-degree murder was unlawful because the jury failed to make the factual findings necessary to support an enhanced sentence. (Doc. 1 at 7). Even under *de novo* review, this claim fails.[4]

"[A]ny fact that increases the mandatory minimum sentence for a crime must be . . . submitted to a jury and found beyond a reasonable doubt." *United States v. Payne*, 763 F.3d 1301, 1304 (11th Cir. 2014) (citing *Alleyne v. United States*, 570 U.S. 99, 116 (2013)). Under Florida law, a defendant who "discharge[s] a firearm" during an attempted second-

---

[3] Even if the sufficiency challenge were exhausted, Mr. Church would not be entitled to relief. For the reasons given in the State's appellate brief, a rational jury could find beyond a reasonable doubt that Mr. Church committed attempted second-degree murder. (Doc. 8-2, Ex. 15, at 20-24).

[4] Respondent argues that Ground Two is procedurally defaulted, but "a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event." *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020).

degree murder faces a "20-year minimum mandatory sentence." *Blandin v. State*, 916 So. 2d 969, 970 (Fla. 2d DCA 2005); *see also McKenzie v. State*, 31 So. 3d 275, 276 (Fla. 2d DCA 2010) (defendant was convicted of "an attempt to commit a felony during which he discharged a firearm, an offense that carries a minimum mandatory term of 20 years in prison"). Therefore, a court cannot impose the 20-year mandatory minimum without "a clear jury finding that [the defendant] discharged a firearm" during the offense. *Muldrow v. State*, 842 So. 2d 240, 242 (Fla. 2d DCA 2003).

The jury made the required finding here. As noted above, the jury convicted Mr. Church of two counts of attempted second-degree murder. (Doc. 8-2, Ex. 10). As part of its verdict, the jury specifically found that Mr. Church "personally discharge[d] a firearm" during the offenses. (*Id.*) Thus, the fact that "increase[d] the mandatory minimum sentence"—Mr. Church's discharge of a firearm—was "submitted to [the] jury and found beyond a reasonable doubt." *Payne*, 763 F.3d at 1304. Contrary to Mr. Church's assertion, the court properly imposed the 20-year mandatory minimum for attempted second-degree murder with the discharge of a firearm.

    C.    **Ground Three—Allegedly Erroneous Felon-in-Possession Conviction**

Lastly, Mr. Church argues that he was "convicted in error" of felon in possession of a firearm. (Doc. 1 at 8). According to Mr. Church, he did not have a qualifying prior conviction because adjudication had been "withheld" on the predicate offense of "organized fraud." (*Id.*)

Respondent correctly contends that this claim is unexhausted and procedurally defaulted. (Doc. 7 at 19-20). It is unexhausted because Mr. Church never raised it in any

Case 8:25-cv-00784-WFJ-NHA   Document 9   Filed 09/02/25   Page 11 of 11 PageID 991

state-court filing. (Doc. 8-2). It is procedurally defaulted because Mr. Church cannot return to state court to raise the issue in a second, untimely direct appeal. *See* Fla. R. App. P. 9.140(b)(3); *Smith*, 256 F.3d at 1138. Because Mr. Church offers no basis to excuse the default, Ground Three is barred from federal habeas review.

## IV. Conclusion

Accordingly, the Court **ORDERS**:

1. Mr. Church's petition (Doc. 1) is **DENIED**.

2. The **CLERK** is directed to enter judgment against Mr. Church and to **CLOSE** this case.

3. Mr. Church is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Mr. Church must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Church has not made the requisite showing. Because Mr. Church is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on September 2, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE